IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-51057
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSÉ MANUEL SOTELO-GONZALEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-00-CR-135-ALL
--------------------
August 23, 2001

Before KING, Chief Judge, and POLITZ and PARKER, Circuit Judges.

PER CURIAM:[*]

José Manuel Sotelo-Gonzalez ("Sotelo") challenges the sentence he received following his guilty-plea conviction for illegal reentry, in violation of 18 U.S.C. § 1326. He argues that his prior conviction for transporting aliens does not constitute an aggravated-felony conviction for purposes of the sixteen-level increase to his base offense level under U.S.S.G. § 2L1.2. As Sotelo concedes, his argument is foreclosed by United States v. Monjaras-Castaneda, 190 F.3d 326, 331 (5th Cir. 1999), cert. denied, 528 U.S. 1194 (2000), in which this court

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

determined that transporting aliens constitutes an aggravated felony.  Sotelo states that he raises the argument only to preserve the issue for Supreme Court review.

In his second issue, Sotelo contends that his aggravated-felony conviction for transporting aliens was an element of the offense under 18 U.S.C. § 1326(b)(2) that should have been charged in the indictment.  He concedes that this argument is foreclosed by the Supreme Court's decision in Almendarez-Torres v. United States, 523 U.S. 224 (1998), but he again seeks to preserve the issue for Supreme Court review, relying on Apprendi v. New Jersey, 530 U.S. 466 (2000).

Apprendi did not overrule Almendarez-Torres.  See Apprendi, 540 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000), cert. denied, 121 S. Ct. 1214 (2001).  Consequently, this argument likewise fails, and the district court's judgment is AFFIRMED.